Mr. Justice Cox
delivered the opinion of the Court:
In the case of Emmett T. Bunyea, administrator, vs.. Metropolitan Railroad Company the action was brought under the late act of Congress by the administrator of an infant child who was killed upon the- railroad,, and in the- *81 declaration the averment of damages is, after narrating the circumstances of the death of the child, “ whereby the plaintiff, as said father of said decedent, was put to much expense in and about the nursing and taking care of said decedent after said injury and till her death, and in and about the propor'and decent interment and burial of said decedent, to wit, the sum of $1,500. And also by means of the premises, the plaintiff in this cause, as the father and next of kin to said decedent, suffered thereby great mental sorrow and great anguish of mind and body and great pecuniary loss in being deprived of the services of the decedent, and great mental suffering and anguish in being deprived of the companionship and society of the said decedent, to the damage of the plaintiff, as said father and next of kin to said decedent, the sum of $10,000.”
The action is brought under the Actof Congress, approved February 17, 1885, which provides:
“ That whenever, by an injury done or happening within the limits of the District of Columbia, the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured * * * to maintain an action and recover damages, the person who, or corporation which, would have beeh liable had death not ensued, shall be liable to an action for damages for such death, notwithstanding the death of the person injured,” &c., and such action is to be brought by the administrator of the deceased. Now, it is argued here that part of the damages claimed were such as were not caused by the death, and did not, therefore, fall within the scope of the action provided for in this law. The act provides that an action may be brought “ for damages for such death.” The father had a right independent of the act to bring a suit in his own name for damages for loss of the child’s services during her life .and the expense to which he w’as subjected for medical attend *82 anee, &c., during' her life, and these would have been caused by the injury, but not by the death. Under the act he was not entitled to damages for mental suffering and anguish that he experienced, but, at furthest, merely for the loss of the child’s services by her death and possibly her funeral expenses. The declaration, therefore, joined several causes of action, some of which could not be recovered for in this suit. If these different causes of action had been set forth in different counts, the verdict being general in this case, it is admitted that upon motion in arrest of judgment, which was made and in which form it comes before us, the motion in arrest would have to be sustained. But this declaration has only one count in which it joins several causes of action. It might have been open to demurrer. It occurred to us in the course of the argument, however, that in such a case after verdict it must be presumed that upon the trial' the proper discrimination ivas made between these causes of action by the court, and the jury was not allowed to give damages for those causes on which the defendant was not liable, and we find that view sustained by a case cited on the part of the plaintiff from the 61st Maryland Reports — the case of the Northern Central' Railroad Company vs. Mills et ux. There the declaration, which contains but a single count, avers, in substance, that the defendant, by its agents and servants so negligently and carelessly moved a train of cars drawn by horses along its track at the corner of Monument and North streets in the city of Baltimore, where the plaintiff, Margaret, with her husband, was, at the time, crossing; that she, the said Margaret, in order to escape being run over, was forced to leap from the track, and thereby sustained a fracture in the ankle and was 'greatly hurt, &c., and so continued for a long space of time, during which she thereby suffered and underwent great pain, and was hindered and prevented from performing and transacting her necessary affairs and business, and also, thereby, the said *83 plaintiffs were forced and obliged to and did pay, lay out and expend a large sum of money in and about endeavoring to cure the said Margaret of the bruises, &c. Now, the same point was made there that is made here, and the court says:
" The distinction, as to effect, between stated causes of action, for which different parties ought to sue in different counts of the declaration, and joining them in the same or a single count, may seem narrow by some of the adjudications referred to, but, nevertheless, as shown by some of the adjudications referred to, it is supported by very high authority. In fact, the Court of King’s Bench went so far as to say, ‘ It is a settled rule that if the same count contains two demands or complaints, for one of which the action lies and not the other, all the damages shall be referred to the good cause of action, although it would be otherwise if they were separate counts.’
“ We have been thus led to a review of these adjudications, not only for the reason that the case appears to be of importance to the parties, at least to those who are seeking to sustain the verdict and judgment, but also because the decisions seemed, in some instances, to have been placed on different grounds, and especially because Me have found, upon examination, that the weight of authority is opposed to what were our first impressions as to the law on this subject. But we affirm the action of the court below in overruling the motion in arrest, and dusoupon the distinct ground that after verdict it must be intended that at the trial the evidence was confined to the personal injury and suffering of the wife, and that none was offered as to the expenditure of money in curing her, or, if offered, that it was rejected by the court and excluded from the consideration of the jury. And this we regard simply as a reasonable and proper extension of the well-settled general principle that where there is any defect, imperfection, or omission in any plea, whether in substance or form, which *84 would have been a fatal objection upon the demurrer, yet if the issues joined be such as necessarily required, on the-trial, proof of the facts so defectively.or imperfectly stated and without which it is not to be presumed that either the-judge -would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission is cured by the verdicts.”
AVe think that case sustains the position taken by the defense ; that after verdict it shall be presumed that proper instructions were given to the jury.

We affirm the judgment of the court below.